IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GORDON S. BROWN, JR.,                :

    Plaintiff                              :

    vs.                                      :         CIVIL NO. 1:CV-10-1090

JEFFREY BEARD, et al.,               :

    Defendants                        :

M E M O R A N D U M

       The pro se plaintiff, Gordon Brown, an inmate at FCI-Mahanoy City, filed this 42 U.S.C. § 1983 action arising from a May 6, 2009, prison disciplinary hearing that resulted in his confinement in the restricted housing unit (RHU) for 270 days. The claim presented was for due process, partly based on a claim that the charges were false.

       After discovery, Defendants moved for summary judgment. The magistrate judge has filed a report recommending that judgment be entered in favor of Defendants and against Plaintiff on the due process claim but that Plaintiff be allowed to proceed on a retaliation claim the magistrate judge perceived in Plaintiff's deposition testimony. The testimony concerned defendant, Lt. Walter Yackel, the officer who issued the misconduct report that was the basis of the disciplinary hearing. Plaintiff testified that in May 2009, shortly after Plaintiff's placement in the RHU, Yackel threatened him with more false disciplinary charges, that he had "270 some days to think of something new." (Doc. 42-1, Brown Dep., CM/ECF p. 7).

       Both sides have filed objections to the report. In his objections, Plaintiff: (1) generally objects to judgment in favor of Defendants; (2) renews a request for appointment of counsel; and (3) asks for a stay until the request for counsel is

granted. In their objections, Defendants argue that Plaintiff made no retaliation claim in his complaint, as buttressed by his deposition testimony that he was only making a due process claim, and that Plaintiff's testimony about Yackel's remark, even if true, establishes only verbal abuse, which is not a constitutional violation.

For the reasons mentioned by the magistrate judge in his order of August 2, 2010, we will deny the motion for appointment of counsel and will proceed to the merits of the parties' objections. In doing so, we are satisfied that the magistrate judge reached the correct result on the due process claim and will adopt his report in that regard. However, we agree with Defendants that Plaintiff cannot pursue a retaliation claim, even if we assume Yackel made the remark about false misconduct reports.

First, at his deposition, Plaintiff said he was only pursuing a due process claim, and the allegations of the complaint are consistent with this position. Second, the only evidence cited in support of the retaliation claim is Yackel's alleged remark threatening Plaintiff with more false disciplinary charges, and that Yackel had "270 some days to think of something new." (Doc. 42-1, Brown Dep., CM/ECF p. 7).[1] As Defendants argue, this presents only a claim of verbal abuse, but verbal abuse is not actionable under section 1983. *Jones v. Folino*, 2011 WL 991392, at *1 (3d Cir. 2011)(per curiam)(nonprecedential)(observing that "verbal abuse" consisting of threats "is not a constitutional violation"); *Mimms v. UNICOR*, 386 F. App'x 32, 35 (3d Cir. 2010)(per curiam)(nonprecedential).

---

[1] The complaint is consistent, alleging that "Lt. Walter Yackel did violate my rights by verbally threatening me with further charges and additional RHU time." (Doc. 1, Compl., CM/ECF p. 4). Defendants also refer to the remark as phrased in a memorandum of law that was supposedly attached to the complaint. No such document was filed with the court but, in any event, the statement in the memorandum, as represented by Defendants, is not different from Plaintiff's deposition testimony.

We add that the first element of a retaliation claim is missing, that Plaintiff had engaged in constitutionally protected conduct.[2]  We acknowledge that in his brief in opposition to Defendant's motion for summary judgment, Plaintiff asserted that "[a]dditional verbal threats by Defendant Walter Yackel [were made] to Plaintiff in an effort to silence the Plaintiff from moving forward with this action . . ." (Doc. 46. CM/ECF p. 1).  But a party opposing summary judgment may not rely on statements in briefs.  *Smith v. Kyler*, 295 F. App'x 479, 481 (3d Cir. 2008)(per curiam) (nonprecedential) (quoting *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 511-12 (3d Cir. 1994)).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 12, 2011

---

[2] A retaliation claim has three elements: (1) the plaintiff engaged in a constitutionally protected activity; (2) he suffered "some adverse action" at the hands of a prison official; and (3) "a causal link between the exercise of [the] constitutional right[ ] and the adverse action taken." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON S. BROWN, JR., | : |
| Plaintiff | : |
| vs. | :   CIVIL NO. 1:CV-10-1090 |
| JEFFREY BEARD, et al., | : |
| Defendants | : |

O R D E R

AND NOW, this 12th day of May, 2011, upon consideration of the report (doc. 47) of the magistrate judge, filed March 17, 2011, and the objections (doc. 48 and 50) that were filed, and upon independent review of the record, it is ordered that:

   1. Plaintiff's request (doc. 50) for appointment of counsel is denied.

   2. The magistrate judge's report is adopted in part. We adopt that portion of the report concluding that Plaintiff has no procedural due process claim. We decline to accept that portion of the report concluding that Plaintiff may proceed with a retaliation claim.

   3. Defendants' motion (doc. 39) for summary judgment is granted.

   4. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff and close this file.

   /s/William W. Caldwell
   William W. Caldwell
   United States District Judge